## SPARKS *v.* SPARKS.

---

EQUITY; ALIMONY; COSTS.

1. A court of equity has the power to award alimony *pendente lite* and counsel fees to a wife without passing upon the merits of the case, where she is without separate means and the husband is able to support her.
2. An order in a suit by a wife for maintenance and support, granting her alimony *pendente lite* at the rate of $25 a month and a counsel fee of $50; and an order allowing her $75 counsel fee for defending an appeal from the former order, *affirmed* as not an abuse of the lower court's discretion under the circumstances, the court below still having jurisdiction over the cause.

No. 1508.  Submitted March 23, 1905.  Decided April 4, 1905.

HEARING on an appeal by the defendant from orders of the Supreme Court of the District of Columbia in a suit by a wife against her husband for maintenance and support, one of which orders allowed her alimony *pendente lite* and a counsel fee, and the other allowed her a counsel fee for defending an appeal from the other order.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. E. H. Thomas* and *Mr. John Ridout* for the appellant.

*Mr. A. E. L. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

Two appeals are before us at this time. The one is from an interlocutory order granting to the plaintiff-appellee, Fannie P. Sparks, alimony *pendente lite* and also counsel fees. The other is from a like order requiring the defendant-appellant, James N. Sparks, to pay to appellee a certain sum to enable her to defend an appeal taken from the former order.

The suit is brought by the wife against the husband to compel him to contribute to her support and maintenance, the petition alleging desertion and a refusal to provide for her. To the petition the defendant filed a plea setting up the dismissal of a former suit brought for a divorce by the petitioner, as a bar to the present proceeding. Copies of the bill of complaint and the decree in the former suit are attached to the plea herein and made exhibits.

The order for alimony and counsel fees was made after hearing counsel for the respective parties and upon the pleadings and additional affidavits.

Had the plea been set down for argument, or testimony taken in support thereof, and the case brought before us as an appeal from a final decree, counsel could not have been more diligent in the investigation of the questions of law raised by the plea, and in the citation of law applicable thereto; nor could they have been more eloquent, witty, and pathetic in the presentation of the alleged facts set forth in the pleadings and the somewhat lurid exhibits and affidavits. Were it allowable for us to express an opinion on the subject, we could truly say that the clients at least got the worth of their money, whatever might be said of the mutual friends. But the case comes before us upon simple interlocutory questions, involving no great constitutional principles, nor requiring us to very closely examine the decisions of the courts of last resort in all the States of the Union. The court was interested, instructed, and charmed, yet withal grieved, at the pictures painted of domestic infelicity, the heartlessness of man, and the forgiving spirit shown by woman. We must, however, keep in the beaten paths and resist the temp-

tation to pass upon the allegations of "cold acts of indifference," the position to be assigned to "the perfect gentleman about the family," or to locate the roof under which the forgiving ones were to be sheltered. The merits of the case are not now to be passed upon, much less the questions raised by the plea, which is only before us as one of the pleadings read upon the motion, and *as* a pleading.

We have intimated that the counsel fee is reasonable, and have set forth some of the salient features of the case in justification of our opinion. We also find that alimony at the rate of $25 a month is a reasonable amount to be paid by the defendant, who is in receipt of a salary from a solvent employer of $1,400 per year. The rule is well settled that a court is not guilty of a gross abuse of discretion in awarding alimony and counsel fee to a wife, without passing upon the merits of the case, where she is without separate means and the husband is able to support her. Facts sufficient to justify the court below in awarding alimony and counsel fees were not seriously controverted. The marriage was not denied; the wife was, as stated, "without any visible or other means of support;" the husband was in receipt of a fair salary; and the parties were admittedly living apart. The court, on the hearing of such a motion, was not required to pass upon the question whether the plea was well founded in law. That was a question to be passed upon in another way. The order granting alimony at the rate of $25 a month and counsel fee of $50 was in all respects proper. It appears that after the appeal was taken and citation issued, and upon the same day the appeal bond was filed, the second order granting plaintiff the sum of $75 as counsel fees and expenses of defending the appeal was passed.

We are of opinion that the court below at the time of granting the order had jurisdiction over the case, and that it was still pending there, and was not at that time in this court. If the appellant desired the luxury of an appeal, and preferred to take it rather than speed the hearing of the case on the merits, he should not feel aggrieved if the court allowed the wife the protection of counsel. While litigation is a luxury, and ordinarily

a husband need not furnish luxuries, which may, perhaps, be beyond the ideas of a prudent man, yet this must be held to be one of the exceptions to the rule.

No error was committed by the court below and the orders appealed from are *affirmed, with costs.*