## BAILEY v. SCOTT.

Court of Appeals of District of Columbia.
Submitted January 7, 1927.    Decided
March 7, 1927.)

No. 4500.

Divorce ⬅⬆222—After death of plaintiff wife, court properly refused in divorce action to enter order against husband for payment of wife's counsel fees (Code, § 975).

Under Code, § 975, suit for divorce abates on death of either party, and hence court properly refused to enter order against defendant husband for payment of wife's counsel fees after death of wife.

Appeal from the Supreme Court of the District of Columbia.

Action for divorce by Emma Augusta Scott against Cornelius R. Scott. From an order denying application for counsel fees after death of plaintiff wife, Lorenzo A. Bailey, attorney for the wife, appeals. Affirmed.

L. A. Bailey and M. L. Hill, both of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the lower court denying an application for the allowance of counsel fees for the wife in a divorce case.

In the month of February, 1925, Emma Augusta Scott brought suit against Cornelius R. Scott, alleging that she was his lawful wife, charging him with cruelty, and praying for a limited divorce and for alimony, including reasonable sums for counsel fees. The defendant denied that plaintiff was his wife. The court at once entered an order requiring defendant to pay plaintiff the sum of $75 per month for her maintenance pendente lite, but nothing was allowed for costs or counsel fees; the court's order being silent upon that subject.

In the month of August following, plaintiff renewed her application for an allowance for costs and counsel fees. The defendant in his answer averred that he was unable to pay such allowances, and the court denied plaintiff's application. On April 14, 1926, the case was considered by the court upon the allegations of the pleadings, and it was held upon the conceded facts that plaintiff's bill should be dismissed. No order or decree to this effect, however, was entered of record in the case. On April 21, 1926, the plaintiff filed a motion for rehearing, but pending action thereon she died. Thereupon the appellant, who was plaintiff's attorney and had prosecuted the case in her behalf, informed the court of plaintiff's decease, and applied to the court for an order requiring the defendant to pay him reasonable counsel fees for his services rendered for plaintiff in the case. The court denied this application, whereupon this appeal was brought by counsel.

We cannot sustain the appeal. Section 975, Code D. C., provides as follows:

"During the pendency of a suit for di-

vorce, or a suit by the husband to declare the marriage null and void, where the nullity is denied by the wife, the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees, to enable her to conduct her case, whether she be plaintiff or defendant, and to enforce obedience to any order in regard thereto by attachment and imprisonment for, disobedience. * * *"

The order denying appellant's application for counsel fees from which this appeal was taken, was made after the divorce suit had abated because of the plaintiff's decease. Accordingly there was no "suit for divorce" then pending, and the court consequently was without authority to enter an order against the defendant for suit money in the case. This subject has been passed upon either directly or in effect in a number of cases.

In McCurley v. McCurley, 60 Md. 185, 45 Am. Rep. 717, it was held by the Supreme Court of Maryland (1883) that, a divorce suit being a personal action, the death of either party before decree abates the divorce proceedings, and this effect extends to whatever is identified with those proceedings. The husband (defendant) having died pending the case, it was held that "the allowance of money to pay the wife's counsel fees is in furtherance of the procedure to obtain or prevent the divorce. When, therefore, the jurisdiction to pass a decree is ended, no jurisdiction can survive as to matters purely ancillary to that object." Shafer v. Shafer, 30 Mich. 163; Zoellner v. Zoellner, 46 Mich. 511, 9 N. W. 511; Pearson v. Darrington, 32 Ala. 227.

The appellant cites Ballard v. Caperton, 2 Metc. (Ky.) 412, as supporting his contention. That decision, however, rests upon a statute whereby in a divorce or alimony case the husband is bound to pay the costs of each party (including a reasonable compensation to the attorneys of the wife for their professional services rendered to her in the action), no matter what the result of the suit may be, or by what cause it may have been terminated, unless it appears that the wife is in fault, or that she has ample estate to pay the costs. Accordingly under this statute suit money is assessed against the husband as part of his statutory costs.

We are of the opinion that the ruling of the lower court, refusing to enter an allowance of counsel fees after the action had abated because of plaintiff's decease, was right, and it is therefore affirmed, with costs.