## MARTIN v. MARTIN.

Court of Appeals of District of Columbia.
Submitted January 6, 1927. Decided April 4, 1927.

No. 4478.

Divorce ⚖═209—In wife's divorce suit, where husband denied validity and sought annulment of marriage, allowance of alimony pendente lite was proper (Code D. C. § 975).

In wife's action for divorce, where husband by answer denied lawful marriage and prayed annulment thereof, allowance of alimony pendente lite *held* proper, in view of Code D. C. § 975, expressly authorizing it.

Appeal from the Supreme Court of the District of Columbia.

Action for divorce by Eva C. Martin against Merton G. Martin. From an order allowing plaintiff alimony pendente lite, defendant appeals. Affirmed.

Chapin Brown, of Washington, D. C., for appellant.

J. P. Earnest and G. B. Springston, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellee, as plaintiff, filed a bill against appellant in the lower court, claiming to be his wife by virtue of a lawful marriage ceremony solemnized February 19, 1925, and alleging that they lived together as husband and wife until September 15, 1925, when he deserted her, and has refused to live with her since, and that on September 22, 1925, they entered into a certain written agreement for a separation, wherein he agreed, among other things, to pay her the sum of $32.50 a week, payable each Monday from and after that date for her support and maintenance, and also the sum of $60 a month upon a certain indebtedness therein described. She alleged that the defendant, in violation of his agreement, had failed to pay her any sum whatever upon these installments, or otherwise, since October 1, 1925, and that she had no means upon which she could rely for her support. She prayed for a decree of divorce a mensa et thoro and for alimony, and also for alimony pendente lite, including reasonable counsel fees and costs. The plaintiff concurrently filed a motion for the allowance of alimony pendente lite, together with an affidavit relating to defendant's income.

The defendant first filed an answer to the motion for alimony pendente lite, denying that plaintiff was in necessitous circumstances, and denying also that the plaintiff and himself had ever been lawfully married, or that they ever became husband and wife, and averring that although a marriage ceremony had taken place between them on February 19, 1925, it was unlawful and void because defendant at the time was a married man, having another wife then living, from whom he had not been divorced. The defendant at the same time filed certain certified copies of legal proceedings had in a divorce case alleged to have been then pending between defendant and his former wife in the courts of California, as proofs in support of his statements. The defendant later filed an answer to the bill of complaint, the allegations thereof being to the same effect as his answer to the motion for alimony pendente lite.

Afterwards, to wit, on January 22, 1926, the court heard the case upon the motion for the allowance of alimony pendente lite and the answer to the motion, and granted to the plaintiff such alimony in the sum of $190 per month, payable on the 1st of each month thereafter, that sum being identical with the provisions for plaintiff in the preceding separation contract. From this order the defendant appealed, giving a supersedeas bond to stay its present enforcement, and that is now before us.

The present appeal accordingly does not involve the controlling issues which are presented by the pleadings of the parties in the lower court. That court has not yet heard or passed upon these issues. The only question now before us is whether the lower court erred in granting the plaintiff an order for alimony pendente lite, as set out in the record.

We think that action of the court was not erroneous. Section 975, D. C. Code, provides in part as follows, to wit: "During the pendency of a suit for divorce, or a suit by the husband to declare the marriage null and void, where the nullity is denied by the wife, the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself and their minor children committed to her care, and suit money, including counsel fees, to enable her to conduct her case, whether she be plaintiff or defendant, and to enforce obedience to any order in regard thereto by attachment and imprisonment for disobedience."

At the time when the order in question was entered, the suit below was pending as a suit for divorce, and moreover, under the issues made by the pleadings, it was also in substance and effect a suit by the husband to declare the marriage null and void, and the nullity was denied by the wife. The court accordingly was authorized, under section 975, supra, to grant the plaintiff alimony for her maintenance, and suit money, including counsel fees, to enable her to conduct her case, and the court was not required first to hear and pass upon the evidence relating to the final issues involved in the case. Such an allowance is made to enable the wife to conduct her case, and to maintain herself while doing so. At present the suit below is still pending. It has not been heard or decided upon the issues presented by the pleadings.

The order allowing alimony was within the authority of the court, and it does not appear that this authority was abused. The order of the lower court is therefore affirmed, with costs.