## COOPER v. COOPER.

### No. 3644.

District Court of the United States for the District of Columbia.

Aug. 25, 1939.

J. E. Bindeman, of Washington, D. C., for plaintiff.

D. F. Prince and Helen Goodner, both of Washington, D. C., for defendant.

LETTS, Associate Justice.

Plaintiff and defendant, with their two children, occupy the same apartment. She seeks a limited divorce and incident thereto presents her motion for alimony pendente lite. She invokes the rule announced in Pedersen v. Pedersen decided by our Court of Appeals on August 14, 1939, App.D.C., 107 F.2d 227.

To apply the doctrine of the Pedersen case to the facts alleged in the instant case would be a misinterpretation of what the court there said. The Pedersen case does not depart from the established rule that to entitle a wife to a temporary allowance for maintenance she must live separate and apart from the husband. All that the Pedersen case holds is that there may be separation of the parties even while they live under the same roof; that such fact of living under the same roof is only a circumstance to be weighed with all other facts and circumstances in determining whether the parties are in fact separated. In that case the court in its opinion enumerates many other facts and circumstances which were found sufficient to show that the parties were living separate and apart even though they occupied the same house. A significant fact was, they were joint owners of the house. They occupied separate rooms and did not cohabit. She did not prepare his meals and each dined alone.

The record in the case at bar has been examined with care and it is found that the plaintiff has not in her complaint nor in her affidavit in support of this motion shown pertinent facts or circumstances which bring her case within the scope of the Pedersen decision. She does not even say that she and her husband occupy separate beds, nor does she deny cohabitation. All she does is to complain of her husband's conduct.

It is against the policy of the law to encourage a spouse in breaking up a home, or to assist her in making preparation to live separate and apart from her husband. Such separation must exist in fact before she may have the aid of the court. It is the constant purpose of the courts to compose differences and to smooth out the rough places in marital paths to the end that families may be kept together.

The motion for alimony pendente lite will be overruled.