270

## TILLMAN v. TILLMAN.
### No. 9603.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1948.

Decided Dec. 6, 1948.

Writ of Certiorari Denied April 18, 1949

See 69 S.Ct. 883.

EDGERTON, Circuit Judge, dissenting.

Miss Naomi Wheeler, of Washington, D. C., for appellant.

Mr. Emory B. Smith, of Washington, D. C., as amicus curiae.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This is an appeal from orders entered by the United States District Court pursuant to two motions in two separate divorce actions, the motions having been by order consolidated for hearing.

The first of the two divorce suits was filed May 23, 1944, by Andrew Tillman against Cora G. Tillman. The second action was instituted by him on February 6, 1946, against Grace Tillman. In the first case, Andrew was divorced from Cora G. by a judgment entered June 26, 1945, which he sought to transform into a divorce from Grace by moving, on November 3, 1945, to substitute her name for Cora's. He abandoned that motion, however, by filing the second suit, and then died soon after Grace had answered it, and before any other step had been taken in the new proceeding.

Some months subsequent to his death Grace moved, in the second suit, that the court declare her to be his widow. After intervening action which will be described hereinafter, her motion was consolidated with Tillman's motion to correct the judgment in the first suit which he had made during his life. This consolidation was ordered long after Tillman's death. The trial court, in considering the consolidated motions, proceeded to hear evidence and then announced that Andrew had been divorced from Grace by the judgment against Cora G., and that the second suit against Grace herself should be dismissed. Grace appeals from those holdings. There has been no appearance before us in opposition to the appellant's position except that

of an attorney who took the role of amicus curiae. He did not purport to act for Tillman's alleged common law wife, whom he represented in the District Court.

We shall discuss the two actions separately, for only in that manner can the confusion be cleared, and the legal questions involved made manifest. It will plainly appear that this is not a situation in which there is involved the mere correction of a misnomer of a defendant, as contended by the amicus curiae and as it may superficially seem to be. For it will be apparent that, because of Andrew's death, both actions abated before the court reached the question of misnomer. Nor do we have here a clerical mistake which, under Rule 60 of the Federal Rules of Civil Procedure,[1] a court may correct at any time; for the face of the record disclosed no mistake, and Tillman died many months before an effort was made (purportedly in his behalf) by the introduction of new and extraneous evidence to show that an error had been made in naming the defendant in the first divorce suit.

Before discussing the details of the two divorce suits, it is necessary to note Andrew's marriages and unconsecrated alliances. He first married Cora Rax, who died in 1926. Later he married Grace Diggs. After living with her some years a separation occurred and he began an extramarital relationship with one Annie Lee. Still later, without having gone through any marriage ceremony, he began to live as man and wife with one Marie Francis, with whom he was so living when he died.

*The first suit.* On May 23, 1944, although his wife Cora had died some years before, Tillman filed in the United States District Court a suit for absolute divorce against "Cora G. Tillman." A deputy marshal's return of the process issued in that action showed personal service on Cora G. Tillman. When the defendant did not appear, either in person or by counsel, the district judge appointed an attorney to defend for her, who filed what he termed an "Affidavit in Lieu of Answer", stating he had "contacted the defendant" but had

found her uncooperative. He did not give the name of the defendant whom he had "contacted." Following the hearing of unreported evidence the court, on June 26, 1945, entered a judgment granting Andrew Tillman an absolute divorce from Cora G. Tillman.

On November 3, 1945, Tillman filed a written motion to correct what he described as a clerical mistake made by his attorney in the judgment "wherein the defendant is designated as Cora G. Tillman, when it should have been Grace Tillman, * * *." His affidavit in support of the motion was to the effect that Grace Tillman was the person intended to be named in the complaint, the person to whom plaintiff was married, the person from whom he wanted a divorce, and the person against whom evidence was presented at the trial. It should be noted, however, that Tillman did not allege that the summons issued against Cora G. Tillman actually had been served on Grace Tillman. This motion was brought up for hearing but was never formally passed on by the court, that is to say, no order was entered with respect to it.[2] While it was pending Tillman died on March 20, 1946.

■ A divorce suit, being purely personal in nature, is abated by the death of either party before judgment, and we held, in Bailey v. Scott, 1927, 57 App.D.C. 142, 18 F.2d 184, 185, that "this effect extends to whatever is identified with those [divorce] proceedings."[3] In that divorce action, the wife died while her motion for the allowance of counsel fees was pending. Bailey, her attorney, then moved for an allowance which was denied because the action had abated with the wife's death. It thus appears that abatement occurs regardless of the survival of the party against whom relief was sought.

■ Under this rule, Tillman's motion of November 3, 1945, to correct an alleged clerical mistake was abated by his death. Moreover, notice of that motion was never given to Grace Tillman before its abatement. The attorney who had been appointed by the court to defend for Cora G. Tillman acknowledged service of the motion and noted that he had no objection. This did not amount to service on Grace Tillman.

We hold that, because of abatement, Tillman's motion of November 3, 1945, to correct a record which was fair on its face, not only ceased to have any efficacy when he died, but also was no longer pending after his death. It was a closed chapter and the judgment theretofore rendered simply stood as one which divorced Andrew Tillman from Cora G. Tillman, with nothing in the record to indicate a misnomer of the defendant except Tillman's assertion he had intended to sue Grace; and with the record barren of any suggestion that Grace had been served either with process on the complaint or with notice of the motion to substitute her name for Cora's.

That was legally the end of the first suit, but the District Court did not stop then. On January 2, 1947, when Tillman had been dead more than nine months the court permitted the filing of a supplemental memorandum of points and authorities in support of the abated motion of November 3, 1945. It was filed by the attorney who had represented Tillman, who signed as "attorney of record." Filed with the memorandum were three affidavits, two of which tended to show that the woman who called herself Marie Francis Tillman had lived with Andrew Tillman for some years, and until his death, as his common law wife. On February 12, 1947, Marie Francis Tillman, the alleged common law widow, moved for leave to intervene or to be substituted as party plaintiff. Five days later the court entered the following order:

---

[2] The motion appears to have been presented to and discussed with District Judge Pine, who refused to enter an order of correction because the record did not show Grace had been served with the summons addressed to Cora G. See note 5.

[3] Under an exception to the rule, questions concerning property rights survive for adjudication. There is no such question here. The controversy between two women who want to be the widow incidentally involves whatever pecuniary profit may result from the relationship, but that is not the sort of property right which the exception covers.

"Upon consideration of the motion to intervene or for substitution of party plaintiff, filed herein by Marie Francis Tillman, as the common law wife of plaintiff, and it appearing that the plaintiff departed this life on the 20th day of March, 1946, and that attorney appointed to defend herein has indicated his consent to the granting of the motion, it is by the Court, this 17th day of February, 1947,

"Ordered that Marie Francis Tillman be and she is hereby granted leave to intervene only for the purpose of the motion to correct the record filed herein by plaintiff during his lifetime."

The consent of the attorney appointed for the defendant, Cora G. Tillman, was endorsed on the foregoing order. It does not appear, however, that Grace had any notice of this motion and it is plain that the attorney appointed to act for the defendant was not looking after Grace's interests. Indeed, it appears that she was then represented by other counsel, who had no notice of the motion and did not consent to the order.

■ This order was erroneously entered for two reasons: (a) On the face of the record, Marie Francis could not have been Tillman's common law wife for during all the years he consorted with her he was legally married to Grace. For, as we have said, he was not divorced from Grace by the judgment which purported to divorce him from Cora G., because his attempt to transform that judgment into a divorce from Grace was not accomplished before he died. Death alone ended his marriage relation with Grace. (b) It was futile to permit Marie Francis to intervene "only for the purpose of the motion to correct the record filed by the plaintiff in his lifetime", when that motion had abated nearly a year before and was no longer before the court.

■ After entering the foregoing order, the District Court proceeded to hear evidence which tended to show that the summons issued in the first case against Cora G. had been served on Grace. Then, on February 24, 1947, the court "Ordered that the name Grace Tillman be substituted for the name Cora G. Tillman wherever the name shall appear in judgment entered herein on the 26th day of June 1945, and that said judgment be and same is hereby corrected accordingly."

This order was improperly and erroneously entered: (a) it purported to have been entered pursuant to a motion which had abated through the death of the movant and there was no motion pending; (b) it was based solely upon evidence introduced months after the action had abated by the death of one of the parties.

■ *The second case.* Not only did Andrew Tillman fail during his life to pursue his motion of November 3, 1945, to correct the judgment in the first case for an alleged clerical mistake, with the result that his motion abated when death accomplished his tardily expressed purpose of ending his marital relation with Grace; he himself affirmatively abandoned the motion when, on February 6, 1946, he filed in the District Court an action for divorce against Grace Tillman. In his verified complaint he alleged in effect that on that date he and Grace were husband and wife, and by so doing he estopped himself to say he had been divorced from Grace on June 26, 1945. And he closed the door against any other person who might thereafter abortively attempt, after his death, to pursue his motion of November 3, 1945. The purpose of that motion was accomplished when death dissolved his marriage to Grace.

Grace Tillman answered the complaint of February 6, 1946, denying that the separation relied upon as a ground for divorce was voluntary in character. Moreover, she accused Tillman of living in adultery, first with Annie Lee, and later with Marie Francis. She further alleged that she "stands even now ready to become reconciled to the said plaintiff." This answer was filed on February 21, 1946, and before any other step in the action had been taken, Tillman died on March 20, 1946.

On August 29, 1946, Grace Tillman suggested of record the death of Andrew and on the following October 14 she moved the court to enter an order holding that Andrew was her lawful husband when he died, that she is his lawful widow and that the action abated on his death. It was so ordered by the District Court on November

13, 1946, and on November 19 the plaintiff, although he had been dead eight months, "by and through his attorney"[4] moved the court to set aside the marital status order of November 13, and as one of the reasons for so doing said: "3. The motion pending before Mr. Justice Pine is one to amend the record in which an absolute decree was entered against the wife of Andrew Tillman wherein a mistake occurs in the name. The motion is to correct the record."

It is, of course, easy to surmise that this vague mention of another motion pending before Judge Pine was a reference to Tillman's motion of November 3, 1945, to correct an alleged clerical mistake in the judgment rendered in the first case against Cora G. Tillman, a motion which, we have seen, was not legally pending after Tillman's death. But the District Court on January 3, 1947, granted the motion of the dead plaintiff to set aside the marital status order of November 13, 1946, and consolidated it "with the motion now pending before Mr. Justice Pine in Civil Action No. 24,397 [the first case] to correct the record in which a mistake occurs in the name of Cora G. Tillman from whom the plaintiff obtained an absolute divorce." We note in passing, not only that the order consolidated the motion for a declaration of marital status with a nonexistent motion in the first case, but also that it assumed, without proof, the truth of the allegation in Tillman's moribund motion of November 3, 1945, that a clerical mistake had been made.

■ The two cases having thus been consolidated came on for hearing on the two motions before the same district judge; and on February 24, 1947, the day on which the final orders were erroneously entered in the first case, the court set aside the marital status order of November 13, 1946, and dismissed the second action. The second action had abated long before, and the District Court had no power to enter its order of February 24, 1947.

■ It is well to state, in conclusion, that our holding herein does not contravene Rule 60 of the Federal Rules of Civil Procedure. When one of the parties to a divorce action dies after judgment has been rendered, a clerical mistake in the judgment arising from oversight or omission may be corrected by the court at any time, as Rule 60 provides; but the mistake must be apparent on the record, for otherwise it would be necessary to hear extraneous evidence to demonstrate the actuality of a clerical mistake. Such evidence cannot be introduced on behalf of a dead plaintiff who has not been replaced by another party. The very fact that the District Court here found it necessary to hear proof in 1947 in order to conclude that a clerical mistake had been made in 1945 in the first judgment sufficiently demonstrates that no such mistake was apparent on the face of the record.[5]

Since in our opinion the District Court had no power over either divorce case after Tillman's death, all orders entered after March 20, 1946, will be set aside. The result is, of course, that Grace is Tillman's widow, as the marriage relation which he swore existed on February 6, 1946, had not been legally dissolved when he died.

Reversed.

EDGERTON, Circuit Judge, dissents.

---

[4] This was the attorney who had represented Tillman during his life. In a brief filed herein by him, as amicus curiae, he said, "It is admitted that death dissolves the relationship of attorney and client." Yet he filed a motion in the name of his client eight months after the client's death and on February 12, 1947, introduced witnesses purportedly in his behalf. This should not have been permitted by the trial court.

[5] Judge Pine stated to counsel on February 12, 1947, with respect to a former hearing on the motion to correct the record: "When you came to me for correction of the record you merely had the consent of Mr. Dyson (counsel appointed for Cora G. Tillman). Mr. Dyson, having been appointed by the court, is not in a position to consent for the defendant. And I insisted that the real defendant, by whatever name, be served. You say she [Grace] has been served but the record did not disclose that."