**272**

UNITED STATES of America,
Plaintiff,

v.

706.98 ACRES OF LAND IN MONTGOM-
ERY COUNTY, ARKANSAS; Black
Springs Lumber Company, et al., De-
fendants,

and

Alfred Featherston, Intervenor.

Civ. A. No. 675.

United States District Court
W. D. Arkansas,
Hot Springs Division.

Jan. 13, 1958.

---

Chas. W. Atkinson, U. S. Atty., Henry M. Britt, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Alfred Featherston, Murfreesboro, Ark., for intervenor.

JOHN E. MILLER, District Judge.

The question before the Court is whether the intervenor, Alfred Featherston, should be permitted to intervene in the instant case, and his right to intervene will be determined largely from the record in the case.

The record in the instant case discloses the following facts:

On May 30, 1932, Ed B. Mooney and Fannie L. Mooney, his wife, entered into a written agreement to sell certain lands owned by them to the United States, including "Tract 373o T 4 S, R 27 W, S 20, S½SE, 80 acres at $2.75 per acre".

On October 10, 1933, the United States filed a petition in the United States District Court for the Eastern District of Arkansas, Western Division, alleging among other things that it had entered into an agreement of purchase with Ed B. Mooney and Fannie L. Mooney, his wife, the apparent and presumptive owners of "Tract 373o, T 4 S, R 27 W, Sec. 20, S½SE, 80 acres", but that the United States had some doubt as to the title to the lands, and in order to obtain perfect title it was necessary for the United States to condemn the lands. The United States prayed for a judgment condemning the land upon payment of just compensation to the owners.

The action brought by the United States was styled "United States of America v. 706.98 acres of land in Montgomery County, Arkansas, Black Springs Lumber Company, et al., Civil Action No. 7836, Eastern District of Arkansas, Western Division".

Attached to the petition for condemnation was a copy of the purchase agreement between the Mooneys and the United States and a plat of Tract 373o showing it to be the S½ of the SE¼ of Section 20, Township 4 South, Range 27 West, in Montgomery County. The tract is also referred to on page 22-b of the petition as "S½ SE¼ of Sec. 20, T 4 S, R 27 W", and on page 25 of the petition the tract is again referred to as "S½ SE¼ of Sec. 20, T 4 S, R 27 W".

On December 5, 1933, Ed B. Mooney and wife filed a petition alleging ownership of "Tract 373o, T 4 S, R 27 W, S½SE S 20, 80 acres", and praying distribution of the money in the registry of the court.

The condemnation suit was duly prosecuted, and on April 12, 1934, the jury returned a verdict finding just compensation to be $220 ($2.75 per acre for 80 acres) for the Ed B. Mooney Tract No. 373o. On July 11, 1934, the Court entered an order reciting payment by the United States in the registry of the court of the just compensation and ordering that all right, title, and interest of the defendants be divested and that an indefeasible and unencumbered title in fee simple be vested in the United States.

On April 27, 1934, the Court entered a judgment reciting the verdict of the jury and reciting that Ed B. Mooney and Fannie L. Mooney are "the owners of the fee simple title in and to the following described lands situate in Montgomery County, in the State of Arkansas, to-wit: * * * S½SE¼, Section 20, Township 4 South, Range *26* West". (Emphasis added.) The judgment divests the title out of the Mooneys and vests title in fee simple in the United States.

On June 26, 1956, the case was transferred from the Eastern District of Arkansas, Western Division, to the Western District of Arkansas, Hot Springs Division. (This change was made because Montgomery County, which had formerly been located in the Eastern District of Arkansas, was changed to the Western District of Arkansas.)

Upon being transferred, the case retained the same style but was assigned No. 675 in the Western District of Arkansas, Hot Springs Division. Thus, the action now before the Court is the same one that was filed by the United States on October 10, 1933, and it merely has a new number by reason of the transfer from the Eastern District of Arkansas, Western Division, to the Western District of Arkansas, Hot Springs Division.

On July 13, 1956, the United States filed a motion under Rule 60, Fed.Rules Civ.Proc., 28 U.S.C.A., to correct a clerical mistake in the judgment. The United States alleged that Tract 373o was located in Range 27 West, but that by

clerical error the judgment recited that the tract was located in Range 26 West.

On July 13, 1956, the Court, "upon motion of the United States of America, and from the pleadings, process, jury verdict, judgment, and record in the above-entitled cause" found that Tract 373o was located in Range 27 West; that fee simple title in said tract was divested out of Ed B. Mooney and Fannie L. Mooney and vested absolutely in the United States in the condemnation proceeding; and that the United States was entitled under Rule 60, F.R.C.P., to correction of the clerical mistake. The Court ordered the clerical mistake corrected to properly describe the tract as being in Range 27 West.

On July 1, 1957, the intervenor, Alfred Featherston, filed his "Intervention and Motion to Set Aside Judgment". Among other things, the intervenor alleges that on July 31, 1954, he obtained a quitclaim deed from Ed B. Mooney, an unmarried person, to "S½SE¼, Sec. 20, Twp. 4 S. R. 27 West, containing 80 acres, more or less", and that said deed was filed of record September 10, 1954, and duly recorded in the Deed Records of Montgomery County, Arkansas. He alleges he is an innocent purchaser for value of said lands, which are wild and unimproved, and that he has paid all taxes on said lands for the past three years. He alleges that he bought such lands "after making a thorough search of the records of Montgomery County, Arkansas, and ascertaining that the record title was vested in Ed B. Mooney, altho the tax books for 1953 showed the land listed to 'U.S.'"

The intervenor further alleges that he received no notice of the motion of the United States to correct the judgment and that the judgment is void for lack of notice. The intervenor prays as follows:

"And he therefore prays that pursuant to Title 28 [U.S.C.A.] Sec. 1655 said judgment be set aside; and this Intervenor be now permitted to defend and plead his rights; and make proof of the matters and things herein alleged; and that on hearing the Court enter a Judgment confirming Intervenor's title to said lands as against the claims of the United States of America, the plaintiff; and for all other relief, both legal and equitable to which the Court may —— Intervenor entitled."

On September 12, 1957, the United States filed its response to Featherston's intervention. On October 28, 1957, the intervenor by motion offered "to do equity to the United States by recompensing the government in full for the purchase price of said lands". On October 30, 1957, the United States filed a response to the motion and rejected intervenor's offer.

On December 11, 1957, the United States filed its "Opposition to Motion to Intervene", alleging that the claim of Featherston has no question of law or fact in common with the principal case, and that the intervention is a suit against the United States, which cannot be maintained without its consent.

The parties have briefed the question of the right of the intervenor to intervene in the instant case, and this matter is now before the Court for determination.

The initial question is whether the Court was in error in correcting the judgment without giving notice to the intervenor, Alfred Featherston. To begin with, unquestionably the error in the judgment is nothing more than a clerical error. The purchase agreement between the Mooneys and the United States, the petition for condemnation filed by the United States, and the plat attached as an exhibit to the petition all correctly describe Tract 373o as being located in Range 27 West. The judgment entered on April 27, 1934, described Tract 373o as being located in Range 26 West, and it is apparent from the record that this discrepancy was the result of a clerical mistake.

Rule 60(a), F.R.C.P., provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, *if any*, as the court orders." (Emphasis added.)

■ The rule does not require notice in all cases, and the question of whether notice is necessary depends upon whether the error is one appearing in the record or is one that must be shown by extrinsic evidence. Long before adoption of the Federal Rules of Civil Procedure the rule was stated in Odell v. Reynolds, 6 Cir., 70 F. 656, 660, as follows:

"Sometimes the propriety of such action exists in cases where the correction may be made upon that which appears in the record itself, and is necessary to make it consistent and harmonious, one part with another. In other cases it is necessary in the interests of justice to act upon matters not appearing from the record; for example, things resting in the recollection of the judge, or evidence adduced aliunde. In the former case notice to the parties is not necessary. No new thing is brought upon the record. The court, for the clearer and more accurate expression of its final action, molds into form that which is fairly and reasonably deducible from the whole record, taken together. There is nothing to litigate. No right is substantially affected. Freem. Judgm. § 72a; 1 Black, Judgm. § 164; Emery v. Whitwell [6 Mich. 474], ubi supra; Matheson's Adm'r v. Grant's Adm'r, 2 How. 263, 11 L.Ed. 261. In the latter case the question of the necessity of notice may depend upon the source from which the evidence comes upon which the action is to be taken. If it is the recollection of the court, it is doubtful whether notice is required, for the reason that it is not open to contest. At all events, it would seem, upon the authorities, that corrections of the record made by the court upon its own recollection would not be collaterally assailable, though made without notice. If the action is based upon other evidence, it would seem to be settled by a preponderance of authority that notice is required, and that the proceeding for correction would be void without it."

This rule was approved by the Court of Appeals for this Circuit in Close v. Brictson Mfg. Co., 8 Cir., 49 F.2d 751, 759. See also, Annotation 14 A.L.R.2d 224, 234; and compare, Blankenship v. Royalty Holding Co., 10 Cir., 202 F.2d 77; Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667, 676; Tillman v. Tillman, 84 U.S.App.D.C. 171, 172 F.2d 270, 274; Bowles v. Branick, D.C.Mo., 66 F.Supp. 557; Albion-Idaho Land Co. v. Adams, D.C.Idaho, 58 F.Supp. 579.

■■ Since the clerical error in the instant case appears in the record, the Court was fully justified in entering an order correcting the error without giving notice of the proposed action. Thus, the intervenor's contention that notice should have been given is without merit. The contention is also without merit for another reason, i.e., the intervenor was not a party in the original action, and any notice given by the Court would have been given only to the parties.

The next question is whether the intervenor is entitled to intervene and present his claim of title to the land in question. It should be remembered that the intervenor prays for "a judgment confirming intervenor's title to said lands as against the claims of the United States". It is clear, then, that the intervention is nothing more than a quiet title action by the intervenor against the Government.

■ It is well settled that the United States cannot be sued in the

absence of its consent, and that the United States has not consented to be sued in an action or proceeding to quiet title to lands claimed by it. Rambo v. United States, 5 Cir., 145 F.2d 670; Hull v. Tollefson, D.C.N.D., 138 F.Supp. 315; Ansonia National Bank of Ansonia, Conn. v. United States, D.C. Conn., 147 F.Supp. 864; Jones v. United States, D.C.N.C., 127 F.Supp. 31.

It seems that in some cases where landowners claimed adversely to the United States, the landowners attempted to obtain relief by bringing actions against Government officers or employees in possession of the land. In these cases the courts have held that the United States is an indispensable party if a determination affecting its title is involved, and that the United States has not consented to be sued. See, Ogden River Water Users' Ass'n v. Webber Basin Water Conservancy, 10 Cir., 238 F.2d 936; Andrews v. White, D.C.Tenn., 121 F.Supp. 570, affirmed 6 Cir., 221 F.2d 790. See also, Leiter Minerals, Inc., v. United States, 352 U.S. 220, 226, 77 S.Ct. 287, 1 L.Ed.2d 267.

It is true, as intervenor contends, that the rule of governmental immunity to suit has been gradually relaxed. The intervenor, however, has been unable to cite a single case permitting an action by a private individual against the United States to quiet title, nor has the Court in its independent research found such authority.

The intervenor also contends that the United States, by bringing the action, subjected itself to the jurisdiction of the Court for all purposes. The difficulty with this contention is that this is not and was not an action brought by the Government against the intervenor. The intervenor has never been a party to the action and his attempt to become a party now is solely for the purpose of quieting title to the property.

The Court is also mindful of the liberal provisions of Rule 24, F.R.C.P., with regard to intervention. However, in view of the absolute prohibition against a suit of this nature by the intervenor, the Court is compelled to hold that the intervention is improper and leave to file should not be granted.

As a matter of fact, the Court is hard pressed to see any possible merit in the intervention even if it could be maintained against the United States. In his intervention the intervenor admits that he searched the records of Montgomery County, Arkansas, and knew that the tax books for 1953 showed the land listed in the name of the United States. It seems that this, in itself, would be enough to put him on inquiry and charge him with notice of all matters he would have learned if he had pursued the inquiry with reasonable diligence. Such inquiry would have disclosed that Ed B. Mooney had no title to the property and that it was vested in the United States. Compare, Vaughn v. Dossett, 219 Ark. 505, 508–509, 243 S.W.2d 565; Krow & Neumann v. Bernard, 152 Ark. 99, 238 S.W. 19; Bunch v. Johnson, 138 Ark. 396, 211 S.W. 551; Eickhoff v. Scott, 137 Ark. 170, 208 S.W. 421; Little Rock & Ft. Smith Ry. Co. v. Rankin, 107 Ark. 487, 156 S.W. 431.

As heretofore stated, the Court is convinced that its order correcting the judgment was proper and that the intervention should not be permitted.

Therefore an order is being entered today denying the motion of the intervenor, Alfred Featherston, to intervene in the instant case.