**Clarence H. LUTZ, Appellant,**

v.

**Josephine N. LUTZ, Appellee.**

**No. 2646.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 28, 1960.

Decided Dec. 30, 1960.

Rehearing Denied Jan. 17, 1961.

See also 166 A.2d 491.

Richard L. Walsh, Washington, D. C., for appellant.

James J. Laughlin, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

The husband appeals from a judgment awarding his wife separate maintenance.

The first claim of error is that it was improper to sustain the wife's claim for maintenance, because the parties were not living apart. But although they were occupying the same apartment, the testimony of the wife, and the husband as well, was that they had long occupied separate bedrooms, and it was clear from the evidence as a whole that because of tension and friction between them they had in fact established and maintained separate lives.

We would agree that generally such situations invite the careful scrutiny of the courts, to discourage litigation between husbands and wives who are actually living together. But when the evidence is as clear and uncontroverted as it was here and establishes that the parties have in fact been living separate lives, though under the same roof, there is no reason to withhold an award of maintenance money to the wife. Our statute does not prevent it. Code 1951, § 16–415. Nor do the decided cases. See Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227; Cooper v. Cooper, D.C.D.C., 30 F.Supp. 151.

The next question is whether the trial court used a proper standard in making the adjudication in favor of the wife. The statute above cited authorizes the award of separate maintenance "whenever any husband shall fail or refuse to maintain his wife". While it was not claimed that the husband had abandoned his wife or completely stopped providing for her, there was evidence justifying the conclusion that he had rather consistently given her much less than she needed for food and clothing, and had often failed or refused to give her support money. The evidence sufficiently supported the oral finding that "defendant has failed to support his wife adequately although able so to do," and the formal judgment that he had not "properly" supported her.

Appellant says the amount of the award was arbitrary and not based on sufficient evidence. We do not agree. The evidence as a whole gave the trial judge an ample understanding of the needs of the wife, and there was a full and detailed showing as to the husband's income from various sources and his ability to pay.

The trial court awarded a fee of $1,500 to the wife's counsel, and appellant challenges this as excessive. From our review of the record we cannot say that this is so. In this opinion we have only discussed the bare essentials of the contro-

versy; but the case had its complications and required full and careful investigation and preparation by counsel for the wife. There seems to be no reason why his sworn statement as to hours spent on the case should have been rejected. Perhaps the fee allowed was on the generous side; but we cannot say it was excessive as a matter of law.

The record revealing no error, the judgment must be

Affirmed.