Benedict F. **FITZGERALD**, Jr., and Charles E. *Robbins*, Appellants,

v.

Milton **WILLIAMS**, Appellee.

No. 2717.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1961.

Decided May 19, 1961.

Charles E. Robbins, Washington, D. C., for appellants.

James J. Laughlin, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellants, members of the Bar, were counsel for Mrs. Williams in an action by her for a divorce. Before the action was reached for trial Mrs. Williams died. Thereafter appellants filed a motion to compel Mr. Williams to pay them counsel fees for services rendered in the action prior to the death of their client. The trial court ruled that it had no power to grant the relief requested; and we think it was correct in so ruling.

Our statute provides: "During the pendency of a suit for divorce, * * * the court shall have power to require the husband to pay alimony to the wife for the maintenance of herself * * *, and suit money, including counsel fees, to enable her to conduct her case, * * *." Code 1951, § 16–410. An allowance under this section for alimony and suit money "is made to enable the wife to conduct her case, and to maintain herself while doing so." Martin v. Martin, 57 App.D.C. 173, 174, 18 F.2d 823, 824.

The practice in this jurisdiction is to allow counsel fees in the final decree, but the action is still pending when the final decree or judgment is entered. Boardman v. Carey, 62 App.D.C. 152, 65 F.2d 600. In the present case the action abated on the wife's death and no action was pending when appellants filed this motion. Therefore the court lacked power to grant the motion.

In Bailey v. Scott, 57 App.D.C. 142, 143, 18 F.2d 184, 185, a case very similar in facts to the present one, it was said:

"The order denying appellant's application for counsel fees from which this appeal was taken, was made after the divorce suit had abated because of the plaintiff's decease. Accordingly there was no 'suit for divorce' then pending, and the court consequently was without authority to enter an order against the defendant for suit money in the case."

Affirmed.