**Leo E. KREUZ, Appellant,**

v.

**Shirley A. KREUZ, Appellee.**

**No. 9642.**

District of Columbia Court of Appeals.

Argued Jan. 13, 1976.

Decided April 1, 1976.

Sanford K. Ain, Washington, D.C., with whom Armin U. Kuder, Washington, D.C., was on the brief, for appellant.

Samuel Green, Washington, D.C., with whom Nancy A. Thompson and Allan G. Slan, Washington, D.C., were on the brief, for appellee.

Before KERN and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired.

NEBEKER, Associate Judge:

This is an appeal from an order to pay alimony pendente lite to the plaintiff-wife. The husband sought to adduce evidence at the trial court hearing that the wife left the home voluntarily and without just cause and excuse. The trial court took the view that its role was to determine regularity of the complaint, failure to support, the wife's needs, the husband's ability to pay, and the amount of temporary alimony to be awarded. Based on the controlling case law of this jurisdiction, we affirm.

The wife's complaint for a divorce *a mensa et thoro* alleged cruelty and the husband's answer pleaded desertion.[1] Alimony

---

1. A final resolution of the divorce action was pending in Superior Court at the time this issue was briefed and argued on appeal. Subsequently, the trial court awarded the wife a "legal separation from bed and board" from the appellant. *See Kreuz v. Kreuz,* D.C.App., Civ. Act. No. D 274-75 (Feb. 3, 1976). The appeal is not moot as the judgment of the trial court is not yet final.

pendente lite[2] may be awarded pursuant to D.C. Code 1973, § 16–911, which provides in pertinent part:

> During the pendency of an action for divorce, . . . the court may:
>
> (1) require the husband to pay alimony to the wife for the maintenance of herself . . . whether she is the plaintiff or the defendant . . ..

It is well established in this jurisdiction " 'that the matter of granting or refusing temporary alimony is committed to the sound discretion of the trial court, and that this discretion will not be disturbed by the reviewing court, unless it is thoroughly satisfied that it has been abused.' " *Howard v. Howard,* 72 App.D.C. 145, 146, 112 F.2d 44, 45 (1940) (footnote omitted).[3] In the instant case the trial court found that the wife was unable to support herself and that the husband was capable of rendering financial assistance. Under these circumstances, a trial court may award alimony pendente lite without inquiring into the merits of the action. *See Sparks v. Sparks,* 25 App.D.C. 356, 358 (1905). *See also Martin v. Martin,* 57 App.D.C. 173, 174, 18 F.2d 823, 824 (1927). "The usual rule, in such circumstances, providing the bill states a cause of action and is filed in good faith, is that an order will issue almost as a matter of course." *Pedersen v. Pedersen,* 71 App.D.C. 26, 33, 107 F.2d 227, 234 (1939) (footnote omitted). While the trial court may inquire into the merits of the action to determine probability of ultimate success,[4] it has been held here that the trial court "is not guilty of a gross abuse of discretion" if it refuses to do so. *See Sparks v. Sparks, supra,* 25 App.D.C. at 358. The decision to hear such evidence is a matter entrusted to the trial court's discretion (*see* note 3, *supra*), and the case law reveals that there are circumstances when it would be proper to deny temporary alimony. *See Howard v. Howard, supra,* 72 App.D.C. at 146, 112 F.2d at 45. *Pedersen v. Pedersen, supra* 71 App.D.C. at 33, 107 F.2d at 234; *Cooper v. Cooper,* 30 F.Supp. 151, 152 (D. D.C.1939). *See also* H. Clark, Law of Domestic Relations, § 14.2 at 424–25 (1968). We are unable to hold on this record that refusal to consider merits evidence was error.

Accordingly, the order of the trial court is

*Affirmed.*

---

2. "[T]emporary alimony is an allowance made to the wife for her maintenance during the pendency of the action for divorce, or for alimony without divorce, and it is awarded to furnish the wife the means of living, in order that she may not become a charge upon the State while her rights are being adjudicated . . . in order that she might live until her rights are adjudicated at final hearing." *Grace v. Grace,* 162 So.2d 314, 320 (Fla.App.1964). *See also Howard v. Howard,* 72 App.D.C. 145, 112 F.2d 44 (1940); *Lesh v. Lesh,* 21 App.D.C. 475, 483 (1903); *Walter v. Walter,* 15 App. D.C. 333, 338 (1899); H. Clark, Law of Domestic Relations § 14.2 at 423 (1968).

3. *See also Dennis v. Dennis,* D.C.Mun.App., 140 A.2d 180, 181 (1958); *Zook v. Zook,* 98 U.S.App.D.C. 167, 168, 233 F.2d 369, 370 (1956); *Pedersen v. Pedersen,* 71 App.D.C. 26, 27–28, 107 F.2d 227, 228–29 (1939); *Lesh v. Lesh, supra* note 2, 21 App.D.C. at 486; H. Clark, Law of Domestic Relations, *supra* note 2, at 424.

4. It has been held in a few cases that the husband has an absolute right to introduce evidence of the wife's misconduct where she seeks temporary alimony and suit money. . . . [Annot., 2 A.L.R.2d 307, 320 (1948) (footnote omitted).] *See also* H. Clark, Law of Domestic Relations, *supra* note 2, at 424–25.