Calvert S. BOWIE, Appellant,

v.

Christine R. NICHOLSON, Appellee.

Nos. 97–FM–1251, 97–FM–1252.

District of Columbia Court of Appeals.

Jan. 15, 1998.

Christine R. Nicholson, appellee pro se, was on the motion to dismiss appeal.

Armin U. Kuder, Washington, DC, was on appellant's opposition to the motion to dismiss appeal.

Before TERRY and RUIZ, Associate Judges, and GALLAGHER, Senior Judge, in chambers.

**PER CURIAM:**

These consolidated appeals were taken from two trial court orders awarding appellee *pendente lite* child support and temporary alimony in an ongoing divorce case. Appellant filed a motion for partial stay of those orders, and appellee filed a motion to dismiss both appeals. We denied the motion for partial stay and granted the motion to dismiss in an order entered October 27, 1997. We now issue this opinion to state the reasons behind that order.

Under D.C.Code § 11–721(a)(2)(C) (1995), this court has jurisdiction over interlocutory orders "changing or affecting the possession of property." An interlocutory order is appealable under this provision only when the order "change[s] the status quo" with respect to specific and identifiable property. *Jenkins v. Parker*, 428 A.2d 367, 369 (D.C.1981).

Citing *Kreuz v. Kreuz*, 354 A.2d 867 (D.C.1976), appellant argues that an award of support *pendente lite* constitutes a sufficient change in the possession of property to enable this court to exercise its jurisdiction under section 11–721(a)(1)(C). His reliance on *Kreuz* is misplaced. Although *Kreuz* was "an appeal from an order to pay alimony *pendente lite* to the plaintiff-wife," 354 A.2d at 867, the jurisdiction of this court was never contested, nor did the court decide, or even consider, any jurisdictional issue.[1] Rather, in *Kreuz* this court simply concluded that the trial court was authorized to award temporary support. The court did not review the merits of the award, nor did it suggest in any way that support awards involved a change in the possession of property.

Contrary to appellant's contention, this court has never directly addressed the question of whether a *pendente lite* award of spousal or child support is appealable under D.C.Code § 11–721(a)(2)(C). There is no statute or case law supporting appellant's

---

1. The court did observe in a footnote that the appeal was not moot because the trial court's interlocutory divorce decree was not yet final, 354 A.2d at 867 n. 1, but mootness is not the same as lack of jurisdiction.

assertion that an award of *pendente lite* support involves a change in the possession of property. To the contrary, a *pendente lite* support award preserves the status quo. "Temporary alimony is an allowance made to the wife for her maintenance during the pendency of the action for divorce ... and it is awarded to furnish the wife the means of living, in order that she may not become a charge upon the State while her rights are being adjudicated...." *Grace v. Grace*, 162 So.2d 314, 320 (Fla.App.1964), cited in *Kreuz, supra*, 354 A.2d at 868 n. 2. As for child support, a parent has a legal duty to provide support to his or her children if able to do so, and a court may enforce that duty by an appropriate order. *See* D.C.Code §§ 16–911(a)(1)–(4), 16–916(a) (1997); *see also Burnette v. Void*, 509 A.2d 606, 608 (D.C.1986) ("In the District of Columbia parents have an unqualified obligation to contribute to the support of their children.... Child support is a right which belongs to the child."). We therefore conclude that a *pendente lite* support award does not alter, but rather maintains, the "status quo" regarding the possession of property. It follows that the trial court's orders are not appealable under D.C.Code § 11–721(a)(2)(C).

▬ Nor are the support orders appealable under the "collateral order" doctrine established by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen* the Supreme Court identified a "small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26. Subsequent cases have refined the collateral order doctrine, requiring three conditions to be met before an appellate court can accept an appeal from a non-final order:

The ... order must, at a minimum, meet three conditions. First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the

action"; third, it must "be effectively unreviewable on appeal from a final judgment." *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). The Court has "repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule ... that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of [trial] court error at any stage of the litigation may be ventilated...." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992, 1996, 128 L.Ed.2d 842 (1994) (citations omitted). This court has followed the lead of the Supreme Court and has severely limited the application of the collateral order doctrine. *E.g.*, *In re Estate of Chuong*, 623 A.2d 1154, 1157 (D.C.1993) (en banc); *Stein v. United States*, 532 A.2d 641, 643 (D.C.1987).

In this instance, we hold that *pendente lite* support awards do not meet the requirements of the case law defining collateral orders. They do not conclusively determine any disputed question of law because the trial court may modify such an award at any time and order the recoupment of prior payments. *Steadman v. Steadman*, 514 A.2d 1196, 1198 (D.C.1986). Nor do they resolve an issue separate from the merits of the case because they are an inherent part of the divorce proceeding and have no independent existence. As the statute makes clear, the only purpose of *pendente lite* support is to provide interim relief "[d]uring the pendency of an action for divorce," D.C.Code § 16–911(a), and the need for such payments expires when the divorce proceeding comes to an end. *See Burtoff v. Burtoff*, 418 A.2d 1085, 1092 (D.C.1980). Finally, and most importantly, support awards are reviewable on appeal from a final judgment of divorce. *See, e.g., Steadman v. Steadman, supra.* We therefore conclude that an award of *pendente lite* support is not a collateral order from which an interlocutory appeal may be taken.

▬ Whether to grant a request for temporary support in a divorce case is a matter entrusted to the sound discretion of the trial

court. *E.g., Dennis v. Dennis,* 140 A.2d 180, 181 (D.C.Mun.App.1958). Interlocutory review of *pendente lite* support awards, which are capable of modification both during the divorce proceeding and when final judgment is entered, would cause needless delay and would be contrary to the well established policy that disfavors piecemeal appeals. *See Crown Oil & Wax Co. v. Safeco Insurance Co.,* 429 A.2d 1376, 1379 (D.C.1981).[2] Because the support order is not appealable either under D.C.Code § 11–721(a)(2)(C) or under the collateral order doctrine, these appeals must be and have been

*Dismissed for lack of jurisdiction.*

2. "Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense. It would also undermine the ability of ... judges to supervise litigation." *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430, 105 S.Ct. 2757, 2760, 86 L.Ed.2d 340 (1985).