## REED v. REED.

(Court of Appeals of District of Columbia. Submitted April 10, 1922. Decided May 1, 1922.)

No. 3744.

1. Divorce ☞211, 286—Temporary alimony rests in trial court's discretion.

The granting or refusing of temporary alimony is committed to the sound discretion of the trial court, and that discretion will not be disturbed by the reviewing court, unless the latter is thoroughly satisfied it has been abused.

2. Appeal and error ☞1074(3)—Denial of supersedeas held harmless, where order was affirmed.

Error in denying a right to supersedeas on appeal from an order is harmless to appellant, where the order was affirmed on the appeal.

3. Mandamus ☞57(1)—Proper remedy on denial of supersedeas.

The remedy of an appellant to test his right to a supersedeas is by application for mandamus.

4. Mandamus ☞172—On mandamus to compel supersedeas court will examine propriety of order.

Since mandamus does not issue to further a wrong, but only to protect a right, the Court of Appeals, on an application for mandamus to compel the lower court to grant a supersedeas on appeal from an order fixing temporary alimony, would ascertain whether the order was proper, and, if so, would refuse the writ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Suit for separate maintenance by Clara C. Reed against Daniel M. Reed. From an order overruling defendant's motion to reduce the award of temporary alimony, defendant appeals. Affirmed.

T. M. Wampler, of Washington, D. C., for appellant.

C. T. Clayton and Clinton R. Colvin, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. This suit by Clara C. Reed, wife of the appellant, was for separate maintenance under section 980 of the Code. In her bill she charged, among other things, that her husband was earning in the neighborhood of $250 a month; that he had been contributing to the support of their house $150 each month, but suddenly reduced the allowance to $50 each half month, and then to $40, informing her at the same time that she should have no more; and that this was not enough to meet the usual family expenses. She asked for an order requiring him to pay her reasonable alimony pending the disposition of the suit. A rule to show cause was laid upon him, and he answered, denying that his wages were more than $190 per month, admitting the reduction of his wife's allowance as alleged by her, and stating that $80 per month was ample for her support and maintenance. The court accepted his view, and ordered that he pay that amount in semimonthly installments of $40. Later he moved to reduce the amount, and filed his affidavit in support of the motion. He asserted therein that his earnings had been reduced to $165 per month. The wife in a counter affidavit denied this, and alleged that he was earning in the neighborhood of $216 per month. The court overruled the motion to reduce, directed that he pay alimony which was in arrears, and repeated the provisions of the prior order with respect to the payment of $40 semimonthly. Defendant excepted to the ruling and asked that the amount of a supersedeas be fixed. The request was denied.

[1] It is well settled that the matter of granting or refusing temporary alimony is committed to the sound discretion of the trial court, and that this discretion will not be disturbed by the reviewing court, unless it is thoroughly satisfied that it has been abused. Tolman v. Tolman, 1 App. D. C. 299; Shaw v. Shaw, 2 App. D. C. 204; Lesh v. Lesh, 21 App. D. C. 475; Wygodsky v. Wygodsky, 134 Md. 344, 106 Atl. 698. Appellant admits this principle of law, but asserts that his wife has a sufficient income from her separate estate to provide for her maintenance, and hence was not entitled to alimony. She denied that she had, and set forth facts which, if true, were quite sufficient to justify the conclusion that her statement was correct. There was, then, a conflict in testimony on this point. Whether or not her version was true was for the determination of the court of first instance, and we approve its action in that respect. In passing, however, we remark that we do not hold that if it was established that her income was sufficient to maintain her pendente lite, it would be a good reason to deny her application for temporary alimony. That question is not ruled upon.

[2] With respect to the action of the court in denying the supersedeas, if erroneous, it was without prejudice to the appellant, in view of the conclusion we have reached upon the other phase of the case. Since the order to pay the alimony was proper, no injury resulted to the appellant by being compelled to pay it during the pendency of the appeal here.

[3, 4] If the appellant desired to test his right to a supersedeas, he should have applied to this court for a mandamus (Ex parte Railroad Co., 95 U. S. 221, 24 L. Ed. 355); but it does not follow that he would have obtained it. Mandamus does not issue to further a wrong, but only to protect a right. Lane v. Duncan Townsite Co., 44 App. D. C. 63, 67; Id., 245 U. S. 311, 38 Sup. Ct. 99, 62 L. Ed. 309. We would have looked into the record for the purpose of ascertaining whether or not the order was proper, and, if we found that it was, we would have refused the writ. What our conclusion would have been is very definitely indicated by the disposition which we now make of the order.

The order is affirmed, with costs.

Affirmed.