## LACHOWICZ v. LACHOWICZ.
### No. 5213.

Court of Appeals of District of Columbia.
Dec. 14, 1931.

Jean M. Boardman, of Washington, D. C., for appellant.

Albert W. Jacobson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal by defendant below from an order of the Supreme Court of the District of Columbia awarding plaintiff below alimony pendente lite upon a bill for limited divorce on the ground of cruelty.

The bill was filed February 5, 1930, together with a motion for alimony pendente lite.

On February 11, 1930, separate motions to dismiss the bill and to strike out certain portions thereof were filed by the defendant.

The motion to dismiss was denied, and the motion to strike granted by one order dated February 17, 1930.

And on the same date, by a separate order of the court, alimony pendente lite was granted, from which order alone the defendant brings this appeal.

He assigns as error: (1) The denial of his motion to dismiss the amended bill of complaint; (2) the awarding of alimony pendente lite to the plaintiff.

It is unnecessary to consider the first assignment, or the defendant's right or procedure on an appeal from the order denying his motion to dismiss the bill, because no appeal was taken from that order.

As to the second assignment of error, based upon the order awarding alimony pendente lite, it is settled that the granting or refusing of alimony pendente lite rests in the discretion of the trial court, not to be disturbed by the reviewing court, except for a clear abuse. Tolman v. Tolman, 1 App. D. C. 299; Shaw v. Shaw, 2 App. D. C. 204; Lesh v. Lesh, 21 App. D. C. 475; Reed v. Reed, 52 App. D. C. 36, 280 F. 1009; Wygodsky v. Wygodsky, 134 Md. 344, 106 A. 698.

But in this case there is no showing of any abuse of discretion, and no answer to the bill into which we might look for such a showing.

The order appealed from is therefore affirmed, with costs.

Affirmed.