## CISSELL v. CISSELL.
### No. 5620.

Court of Appeals of the District of Columbia.
Argued Oct. 3, 1932.
Decided Oct. 31, 1932.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

H. Clay Espey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case comes here by a special appeal from a decretal order in equity of the Supreme Court of the District of Columbia denying maintenance pendente lite to appellant here, who was plaintiff in that court, on the ground that her bill of complaint failed to state a cause of action for maintenance.

Filed September 30, 1931, the bill alleges that plaintiff and defendant were married in this District in 1923, where both continued to live until the suit was brought; that there are two children born of the marriage, a boy 6 years old and a boy of several months; that plaintiff has on numerous occasions been obliged to leave defendant because of his cruelty; that defendant has an ungovernable temper, has threatened plaintiff and has repeatedly struck her, and that on one occasion shortly before the birth of the older child he knocked her down the staircase with a blow; that on September 2, 1931, and September 3, 1931, the defendant locked the house against the plaintiff and her children, thereby forcing them to go to the plaintiff's mother's home.

Then follow the usual allegations of the plaintiff's kindness and affection towards the defendant, and the bill recites: "Yet, notwithstanding her aforesaid affection and kindness the defendant neglected your plaintiff and refused to support her and has never supported her properly. That since plaintiff was forced to leave defendant because of his cruelty and by reason of his refusal to allow her to enter the house, defendant has given her only $10 for the support of herself and children. That she is in destitute and necessitous circumstances and is unable to work at the present time and dependent upon her mother for support."

Defendant's earnings are alleged to be $75 or $100 a week, and the bill prays for custody of the children and an order for maintenance, both temporary and permanent.

The defendant filed an answer denying all allegations of cruelty; averring that his wife had abandoned his home without cause or justification, that she had returned several checks sent her by him for the maintenance of the children, that he was willing to take her back; to support her and the children, and that his average earnings were $40 per week.

Upon this bill, answer, and supporting affidavits a motion for maintenance pendente lite was heard and denied expressly "on the ground that plaintiff's bill fails to state a cause for maintenance."

But the maintenance statute provides:

"*Maintenance of wife.*—Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be allowed to her as permanent alimony in case of divorce for the maintenance of herself and the minor children committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to such permanent alimony." Code D. C. tit. 14, § 75.

The bill and answer as then before the court recognized the marriage, the children, the legal duty of maintenance, the financial ability to perform it, and the withdrawal of the plaintiff from the family home under claim of right and necessity.

This claim of a justified withdrawal by the wife was denied by the husband, and constituted the issue to be ultimately tried upon the evidence.

The bill alleges the failure of the husband

to support and his ability to do so, even though it also contains allegations more appropriate in a bill for a legal separation from bed and board.

Similar additional allegations are not unusual in bills for maintenance, and, if they are considered improper by counsel, the questions should be presented and dealt with in the manner prescribed by the rules.

This court has repeatedly said that the granting or refusing of alimony pendente lite, and the amount thereof, rests in the judicial discretion of the trial court, not to be lightly disturbed, or without good cause. Tolman v. Tolman, 1 App. D. C. 299; Shaw v. Shaw, 2 App. D. C. 204; Lesh v. Lesh, 21 App. D. C. 475; Reed v. Reed, 52 App. D. C. 36, 280 F. 1009; Lachowicz v. Lachowicz, 60 App. D. C. 373, 55 F.(2d) 535.

But in this case the question before this court at this time is not how the judicial discretion of the trial court was exercised, in respect of allowances, but whether the bill of complaint states a cause of action for maintenance under the statute.

We are of opinion that it does, and consequently that the order appealed from must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.