**HOWARD v. HOWARD.**

No. 7545.

United States Court of Appeals for the District of Columbia.

Decided April 29, 1940.

I. Irwin Bolotin, Samuel B. Brown, and Nathan M. Brown, all of Washington, D. C., for appellant.

Bion B. Libby and Jacob Permut, both of Washington, D. C., for appellee.

Before MILLER, VINSON, and RUT-LEDGE, Associate Justices.

VINSON, Associate Justice.

This is a special appeal from an order of the District Court denying the plaintiff (appellant) alimony pendente lite in an action for maintenance.

On August 4, 1938, the plaintiff filed her bill of complaint in the District Court praying for separate maintenance and support under § 75, Title 14 of the District Code. In addition to the usual allegations that she was the defendant's (appellee's) wife and that he refused to support her though able to do so, the plaintiff stated that she was enceinte and would therefore be compelled shortly to resign

her employment. Maintenance and support pendente lite as well as permanent maintenance was prayed for. The same day the complaint was filed, a rule issued directing the defendant to appear on a named day and show cause why the plaintiff should not be awarded maintenance and support pendente lite. For want of prosecution the rule was dismissed. A second rule issued to which the defendant filed answer. After a hearing, the District Court discharged the rule *without prejudice*. Following the birth of her child, the plaintiff filed a supplemental petition seeking support and maintenance pendente lite for both herself and the child—thereon a third rule issued. The defendant answered and filed supporting affidavits. After a hearing, the District Court discharged the rule *without prejudice*.

Still later, on another supplemental petition seeking a temporary allowance for herself and the child filed by the plaintiff, a fourth rule to show caused issued. The defendant answered and both parties filed affidavits in support of their verified pleadings. After considering the papers filed by both parties and argument of counsel, the District Court again discharged the rule, this time *until final hearing*. From this order we allowed a special appeal.

▮ Although there is in the District Code no express provision for the allowance of alimony pendente lite in maintenance actions,[1] it is well settled that the District Court has jurisdiction to make such allowance under its general equity powers.[2] We think it clear that the order denying such alimony in the instant case was not prompted by any fears as to jurisdiction.

▮ It is the contention of the plaintiff that the facts in this case are such that the District Court was bound to allow alimony pendente lite. The supplemental petition filed by the plaintiff sought maintenance pendente lite for both herself and the child. The District Court denied it as to both. Under our practice we do not regard the child's claim for maintenance as subsidiary to that of the mother,[3] hence we shall consider their claims separately. We review first the propriety of the order in respect to the plaintiff's prayer in her own behalf.

▮ On several occasions this court has stated that "it is well settled that the matter of granting or refusing temporary alimony is committed to the sound discretion of the trial court, and that this discretion will not be disturbed by the reviewing court, unless it is thoroughly satisfied that it has been abused."[4] From the papers filed with the District Court it is undenied that the plaintiff is employed and self-supporting. This is regarded in itself as decisive against allowance of alimony pendente lite in many jurisdictions.[5]

Moreover, the pleadings and affidavits filed tended to show that the plaintiff had by her own conduct disqualified herself for a temporary allowance. The defendant stated that he left the plaintiff after receiving from her a written communication ordering him to leave and advising him that she was actively contemplating several non-Platonic friendships. The plaintiff's explanation of this missive described it as a device intended merely to restore mutual love and affection by appealing to the defendant's jealousy.

We cannot say in this case that the District Court abused its discretion in denying the wife alimony pendente lite in her own behalf, a conclusion reinforced by the fact that at various stages in this proceeding three different justices of the District Court have ruled adversely to the plaintiff's prayer. In respect to personal allowance for the plaintiff, the order of the District Court is, therefore, affirmed.

▮ In respect to the order as it denies maintenance pendente lite for the child, however, we are unable to reach the same conclusion. This child's claim to

---

[1] See Pedersen v. Pedersen, 71 App. D. C. 26, 107 F.2d 227, decided August 14, 1939.

[2] Tolman v. Tolman, 1 App.D.C. 299; Lesh v. Lesh, 21 App.D.C. 475; Sparks v. Sparks, 25 App.D.C. 356; Reed v. Reed, 52 App.D.C. 35, 280 F. 1009; Cissell v. Cissell, 61 App.D.C. 271, 61 F. 2d 679.

[3] Wedderburn v. Wedderburn, 46 App. D.C. 149, 154; Maschauer v. Downs et al., 53 App.D.C. 142, 289 F. 540, 32 A. L.R. 1461.

[4] Reed v. Reed, supra [52 App.D.C. 35, 280 F. 1010]; Cissell v. Cissell, supra. The rule is the same in respect to alimony pendente lite in divorce actions. See cases cited in Pedersen v. Pedersen, supra, at n. 1 of the opinion.

[5] See cases cited in Note 15 A.L.R. 781, 785; 17 Am.Jur., Divorce and Separation, § 545; 19 C.J., Divorce, §§ 517, 653.

paternal support, unlike the claim of the wife, is not affected by the merits of controversies, however serious, between the spouses. Also, unlike the wife, this child has no income in his own right. From the papers filed by the parties, it is clear that the defendant is able to contribute to the support of the child, whereas the plaintiff's income alone is scarcely adequate to support herself and the child. In such a case we think the defendant's obligation to contribute to the support of the child is unqualified, if the child in question is issue of his marriage with the plaintiff.

 Based on a sound social policy there is a strong presumption in favor of legitimacy,[6] a presumption reinforced in the instant case by the plaintiff's sworn statement that the defendant was the father of her child, and affidavits of third persons detailing circumstances strongly corroborative of this claim. In support of his sworn denial of paternity, the defendant adduced only the affidavit of a physician giving a professional opinion, on the basis of an examination made more than a year later, that he was sterile at the time conception occurred. Considering the nature of this preliminary hearing, where only pleadings and affidavits were before the court with no opportunity for examination of the parties or their "compurgators," we are of the opinion that, at this stage of the proceeding, the child must be regarded as legitimate. Indeed, since the consequences to both child and mother of even a transitory imputation of illegitimacy are obviously more serious than imposition of temporary financial liability on the husband, the latter alternative commends itself as the salutary disposition. This liability might well be regarded as an incident to the marital contract, a risk assumed by those bold enough to take wives. On a preliminary hearing, we think a finding against a child on the issue of legitimacy could properly be made only in a most exceptional case, not here presented. We conclude in the instant case that it was an abuse of discretion to deny maintenance and support pendente lite for the child.

In view of the foregoing, the order of the District Court as it denies the plaintiff personal maintenance pending final hearing is affirmed. In so far as it denies temporary maintenance for the child the order is reversed for further proceedings consistent with this opinion.

Affirmed in part.

Reversed in part.

6 Wigmore, Evidence, 2d Ed. & 1934 Supp., § 2527 and authorities cited.