**Arthur J. H. WALKER, Appellant,**

v.

**Dorothy M. WALKER, Appellee.**

**No. 14949.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1959.

Decided May 28, 1959.

Messrs. Hallock P. Long and Carleton M. Long, Washington, D. C., submitted on the brief for appellant.

Mr. George A. Parker, Washington, D. C., submitted on the brief for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant seeks review of the District Court's order requiring him as previously ordered to continue to pay $20 per month for the support of each of two children and adjudging him in contempt for failure to have made such payments after July, 1958.

Appellant in 1955 filed a complaint seeking a divorce from appellee. Naming two older children as born of the marriage, his complaint alleged the parties had separated in January, 1952 *after* which date appellee had committed adultery. Appellee's answer noted appellant's failure in his complaint to name two younger children born to the parties on August 15, 1948 and September 11, 1950, respectively. In an amended complaint, appellant then denied paternity of the two younger children, and further specifically alleged that the parties had not cohabited since January, 1952. Ap-

pellant tells us in his brief that at the divorce trial "the appellant was not prepared to litigate this question [of paternity]. He was convinced that he was not their father, but did not feel that he could produce evidence that would overcome the presumption that he was their father." He, no doubt, concluded that "only in a most exceptional case," Howard v. Howard, 1940, 72 App.D.C. 145, 147, 112 F.2d 44, 46, could a finding be made against the children on an issue of legitimacy, especially where both were born a matter of years before the parties, as the appellant himself alleged, had ceased their cohabitation.

The judgment of the court after the divorce trial in February, 1957, recited that the parties separated in January, 1952 "from which time they have not lived together or co-habited as man and wife; that four children were born prior to said separation * * *" and that appellee's adultery had been established "on unknown dates between January, 1952, and January 23, 1956." Appellant was then ordered to pay $80 each month for the support and maintenance of the four children.

■ Notwithstanding that no appeal was taken from that judgment, in September, 1958, appellant moved to terminate maintenance, on the ground that one of the two older children had by then married and that the other had been emancipated. He further alleged the younger children were being supported "by the co-respondent, who plaintiff maintains is their natural father." Appellee then moved in November, 1958, that appellant again be adjudged in contempt, as had already been decided as to payments up to and including June, 1958. After taking testimony and hearing argument on the respective motions, then pending, the district judge on December 11, 1958, entered an order adjudging appellant in contempt for failure to provide maintenance for the two younger children for the months commencing in July, 1958.

We find no error.

Affirmed.