Curtis E. **TUTHILL**, Appellant,

v.

Mary Leona **TUTHILL**, Appellee.

No. 3417.

District of Columbia Court of Appeals.

Argued Feb. 10, 1964.

Decided March 30, 1964.

Rehearing Denied April 20, 1964.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Walter S. Furlow, Jr., Washington, D. C., with whom Arthur G. Lambert, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellant sought an absolute divorce from his wife, appellee here, alleging as grounds her adulterous relations with a named co-respondent. He also requested custody of their minor daughter. The wife by her complaint prayed for a legal separation on the ground of his cruelty, or separate maintenance, and custody.

After a four-day trial ending September 30, 1963, the trial judge announced from the bench his proposed findings of fact and conclusions of law—in summary, that the husband had condoned his wife's adulterous

conduct and therefore his complaint for an absolute divorce would be dismissed; that the husband had left the marital abode without justification; that there was no showing of cruelty on the part of the husband to support appellee's application for a limited divorce; that the best interests of the child dictated that her custody be given to appellee; and that appellee was entitled to separate maintenance, support for the child, and the award of attorney's fees.

Although the final judgment was not entered until October 15, 1963, the husband, on October 8, 1963, filed a motion to modify the findings of fact, conclusions of law and judgment on the ground that he had returned to the marital abode October 1, 1963, and had resumed living in the same house with his wife and minor child. After a hearing on this motion on October 23, 1963, at which no testimony was presented but only affidavits and counter-affidavits from the parties, the court, after oral argument of counsel for both sides, overruled the motion to modify (having accepted it as a motion to vacate).

We have considered, in the light of the evidence adduced at the trial, the detailed findings of fact and conclusions of law as incorporated in the final written judgment entered October 15, 1963, and find they are amply supported by the record.

We also affirm the trial court in overruling appellant's motion to modify or vacate the judgment. We are of the opinion that the action of the court was correct for two reasons: first, although appellant has the right to apply for modification, it is patent this right does not arise until after entry of the order for which modification is sought; and, second, the burden is upon the one seeking modification to show a change of conditions justifying modification. This burden is not met by mere submission of affidavits and counter-affidavits. The husband's precipitous action in attempting to unilaterally bring about a simulated change of conditions, even before entry of

the prior order governing the relationship of the parties, will not suffice to establish a bona fide change which the court must find before it is warranted in modifying the prior judgment—a judgment which evolved not from a summary hearing but from evidence and testimony produced during a four-day trial.

Affirmed.