**Diane Walch REICK, Plaintiff and Respondent,**

v.

**Donald Thomas REICK, Defendant and Appellant.**

**No. 18229.**

Supreme Court of Utah.

Aug. 12, 1982.

Brad L. Swaner of Swaner & Taylor, Salt Lake City, for defendant and appellant.

Pete N. Vlahos, Ogden, for plaintiff and respondent.

**PER CURIAM:**

This is an appeal from an order increasing child support in a divorce matter from $150 to $225 per month. The order was based on a substantial change in circumstances over about a nine-year period from the date of the decree of June 13, 1972.

It is clear that the amount required to satisfy the needs of a nine-month old infant at the time of divorce and those of a ten-year old girl in December, 1981 (the date of the award here appealed), has increased substantially. The only remaining question of substance is the "ability to pay" of the child's parents, each of whom has the duty to satisfy such needs of the child.

On appeal, defendant urges, among other things, that plaintiff deserves no standing in court because of her fraud and deceit in concealing her remarriage to another man while continuing to receive a $50 monthly alimony.[1] As to the support award, this contention can be viewed only as a diversionary issue. Deception between spouses has no significance in determining the basic and unalienable right to child support, since such right is vested in the minor. The suggestion that the mother here, having "unclean hands," has no standing in court, may have pertinence as to a personal claim against her husband but not as to that of the child.[2]

Defendant also contends that there were no changed circumstances in this case justifying an increase in child support, and that in ordering such increase, the court abused its discretion to the point of prejudicial error. The believable admissible facts of this case justify no such contention. At the time of the divorce, defendant was employed at $800 per month. At the time of the order to show cause, he was earning

---

1. Plaintiff conceded that she received the overpayment but contends that she did not know that her remarriage would influence the alimony award. The trial court took a somewhat unorthodox position and provided for reimbursement of alimony by allowing defendant to deduct $50 per month from the new child support award. Plaintiff argues the equities of such ruling, but filed no notice of cross-appeal. Hence, we do not address the issue.

2. The minor could assert such a claim by a guardian ad litem or other authorized representative wholly unrelated to its father or mother and even without his or her consent or role as litigants. *Szarek v. Sandoval,* Utah, 636 P.2d 1082, 1085 (1981).

$2,148 per month. The plaintiff's income had increased also, to $1,875 per month. The parties furnished itemized statements of expenses. After weighing the evidence, the court found that "there has been a material change of circumstances" in that the parties have both improved their incomes and that "the needs of the child have increased." The court ruled that the defendant, who had stipulated to and agreed to pay $150 per month for child support nine years before, could and should pay additional support when the child's needs obviously and measurably had increased.

The defendant contends that the court used its own "predetermined schedule" to arrive at the $225 support figure. There is nothing in the record, except possible gratuitous remarks of counsel, to indicate that the court relied on any such schedule. Counsel's contention is apparently based on a chart allegedly used by the judges of the second judicial district in aid of child support enforcement in welfare cases. Counsel has improperly included these schedules in his brief as pages 6A, B, C, and D. They were never admitted in evidence and are not a part of the record, and are not given any consideration by this Court in appraising the issue of abuse of discretion by the trial court.

Affirmed.