**Edna S. BURNETTE, Appellant,**

v.

**Leonard D. VOID, Appellee.**

**No. 84–1430.**

District of Columbia Court of Appeals.
Submitted Dec. 13, 1985.
Decided May 15, 1986.

Kirk Callan Smith, was on brief, for appellant.

1. "He who comes into equity must come with clean hands." 2 J. POMEROY, A TREATISE ON EQUITY JURISPRUDENCE § 397, at 90 (5th ed. 1941).

2. The custodial parent, of course, could be either the mother or the father. In this case the custodial parent happens to be the mother.

3. In a paternity action filed in 1977, appellee had been found to be the boy's father and ordered to make bi-weekly payments for his support to the Clerk of the Superior Court, to be forwarded to appellant.

4. The court said in its order:
    The petitioner's motion for an increase presents what the court has described as the

No brief was filed and no appearance was entered for appellee.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

■ This is an appeal from an order of the Superior Court denying appellant's motion for an increase in child support. The only issue for us to decide is whether the trial court abused its discretion in denying the motion on the ground that appellant did not come into a court of equity with clean hands.[1] We hold that the absence of clean hands on the part of a custodial parent is not a bar to a request by her,[2] on behalf of her minor child, for a court-ordered increase in child support.

Appellant, acting on behalf of her nine-year-old son, filed a motion in the Superior Court requesting an increase in the child support obligation of appellee, the boy's father.[3] The basis of appellant's motion was that the parties' circumstances had substantially and materially changed: the child's needs had increased, as had the father's ability to pay. After the filing of this motion but before a hearing was held on it, appellee purchased a new $14,000 Buick automobile. Appellant also bought a new Pontiac at approximately the same time. The hearing was then held, and two weeks later the court entered an order denying appellant's motion on the ground that, because she had also bought a new car, she lacked clean hands.[4] Appellant

case of the two new automobiles. Both parties are now making car payments of approximately $300 each per month. After the petitioner's motion was filed, the respondent bought a 1984 Buick valued at $14,000. The petitioner also got a new car, a 1984 Pontiac, and yet her request for an increase in child support is a matter of equity. To get equity, you must do equity; you must have clean hands. From the record presented, the petitioner is clearly not in a position to meet her burden of proof and the motion for an increase should be denied, although without prejudice.

contends that the court abused its discretion in so ruling. We agree.

In order to modify a child support order, the court must find a material change in the circumstances of the parties, generally one which affects either the supporting parent's ability to pay or the needs of the child. Without such a showing, the original order will remain in effect and continue to be binding on the parties. *Hamilton v. Hamilton*, 247 A.2d 421, 422–423 (D.C.1968). The burden of proving changed circumstances is on the party seeking modification. *Tydings v. Tydings*, 349 A.2d 462, 463 (D.C.1975); *Hamilton v. Hamilton, supra*, 247 A.2d at 423; *Tuthill v. Tuthill*, 198 A.2d 905, 906 (D.C.1964). Whether there has been a substantial and material change in circumstances is a question committed to the sound discretion of the trial court, and its decision in the matter will not be reversed on appeal without a clear showing of abuse of discretion. *Tydings v. Tydings, supra*, 349 A.2d at 463. In this case, however, the trial court did not make a finding on that question, ruling instead that appellant was "not in a position to meet her burden of proof" because she lacked clean hands.

The courts of the District of Columbia thus far have not decided whether the clean hands doctrine may act as a bar to a custodial parent's request for an increase in child support from a non-custodial parent. Initially, however, we note that the maxim " 'he who comes into equity must come with clean hands,' has no application where its enforcement would result in sustaining an act ... against public policy." *Simmons v. Simmons*, 57 App.D.C. 216, 217, 19 F.2d 690, 691 (1927); *accord, Heflinger v. Heflinger*, 136 Va. 289, 296, 118 S.E. 316, 318 (1923); *see also* 3 J. POMEROY, *supra* note 1, § 941 at 736 n. 9. In the District of Columbia parents have an unqualified obligation to contribute to the support of their children. *See Edmonds v. Edmonds*, 146 A.2d 774, 776 (D.C.1958); D.C.Code § 16–916 (1981). If the circumstances of the parties have materially changed, application of the clean hands doctrine to prevent an adjustment in the amount of support provided by appellee to his son would arguably be contrary to public policy, or at least inconsistent with it.

We need not decide this public policy issue here, however, for we base our holding on another ground. An order for child support does not involve only the parent required to make such payments and the parent entitled to receive them. Child support is a right which belongs to the child. *Reick v. Reick*, 652 P.2d 916, 917 (Utah 1982); *cf. Howard v. Howard*, 72 App.D.C. 145, 146–147, 112 F.2d 44, 45–46 (1940). For this reason, any dereliction or misconduct on the part of the custodial parent has no significance in determining the right of the child to support from the non-custodial parent. *See Edmonds v. Edmonds, supra*, 146 A.2d at 776 ("the welfare of the child should not be prejudiced by the delictum of a parent"); *Bartlett v. Bartlett*, 94 U.S.App.D.C. 190, 194–195, 221 F.2d 508, 512–513 (1954) (en banc); *Howard v. Howard, supra*, 72 App.D.C. at 146–147, 112 F.2d at 47–48; *Maschauer v. Downs*, 53 App.D.C. 142, 145, 289 F. 540, 543 (1923) ("We do not think the conduct of the mother, if improper, should be charged to [the children]"); H. CLARK, THE LAW OF DOMESTIC RELATIONS IN THE UNITED STATES § 15.1, at 490 (1968). By the same rationale, any wrongdoing by the custodial parent can have no effect on the child's right to an increase in the amount of support provided by the non-custodial parent; the child's hands in this case have not been made unclean by the mother's conduct. The unclean hands of a custodial parent may have some relevance to that parent's personal claim against the non-custodial parent, but not to a claim submitted on behalf of the child. *See Reick v. Reick, supra*, 652 P.2d at 917; *cf. Williams v. Williams*, 8 Cal.App.3d 636, 640, 87 Cal. Rptr. 754, 756 (1970). Thus we hold that the trial court abused its discretion in attributing the mother's unclean hands (assuming, without deciding, that they were

unclean) to the child for whose benefit the support award was originally made.[5]

The order denying appellant's motion for an increase in child support is reversed. The case is remanded to the trial court for a determination of whether there has been a substantial and material change in the parties' circumstances or in the needs of the minor child. The fact that either parent recently bought a new car may be relevant to the issue of changed circumstances, but it may not be considered as a bar to the motion.

*Reversed and remanded.*

---

5. We do not hold that the clean hands doctrine has no relevance whatsoever in any child support case. It may be applicable, for example, to bar a request by a supporting parent for a reduction in the amount of support payments. *See Voichoskie v. Voichoskie,* 219 Neb. 670, 365 N.W.2d 467 (1985).