John J. HAZEL, Appellant,

v.

UNITED STATES, Appellee.

No. 85–1232.

District of Columbia Court of Appeals.

Argued June 25, 1986.
Decided Nov. 4, 1986.

Prudence Bushnell, Bethesda, Md., appointed by this court, for appellant.

Robertson T. Park, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and MACK and STEADMAN, Associate Judges.

PER CURIAM:

Appellant John Hazel pled guilty to distribution of cocaine in violation of D.C.Code § 33–541(a)(1) (1986 Supp.). He was sentenced to a term of twenty months to five years imprisonment pursuant to the mandatory minimum sentencing provision of *id.* § 33–541(c)(1). This provision, which applies to certain drug offenders among oth-

ers, was adopted by the electorate in the "Mandatory-Minimum Sentences Initiative of 1981," Initiative No. 9, D.C.Law 4–166, *reprinted in* 30 D.C.Reg. 1083–87 (1983). The initiative is a process "by which the electors of the District of Columbia may propose laws (*except laws appropriating funds*) and present such proposed laws directly to the registered qualified electors of the District of Columbia for their approval or disapproval." D.C.Code § 1–281(a) (1981) (emphasis added). Appellant challenges his sentence, as he did on an unsuccessful motion for reconsideration in the trial court, on the ground that the mandatory sentencing provision comes within the "laws appropriating funds" exception and was thus an improper use of the voter initiative procedure. We affirm.[1]

Appellant's claim is precluded by our recent decision in *District of Columbia Board of Elections & Ethics v. District of Columbia,* 509 A.2d 609 (D.C.1986). As we said there, "to construe the exception in the manner suggested by [appellant] in this case would be to effectively write the initiative process out of existence." *Id.* at 614; *see also District of Columbia Board of Elections & Ethics v. Jones,* 481 A.2d 456 (D.C.1984); *Convention Center Referendum Committee v. District of Columbia Board of Elections & Ethics,* 441 A.2d 889 (D.C.1981) (en banc).

*Affirmed.*

---

1. In light of our disposition, and of the government's concession at oral argument that D.C. Code § 23–110 (1981) would in any event provide us with jurisdiction, we need not address the jurisdictional argument set forth in the government's brief.