**Carl McNEIL, Appellant,**

v.

**Sylvia REYNOLDS, Appellee.**

No. 88–1602.

District of Columbia Court of Appeals.

Submitted March 13, 1990.
Decided March 15, 1990.*

March 15, 1990, and is being published upon the court's grant of appellee's motion to publish.

Samuel Intrater, Washington, D.C., was on the brief for appellant.

Herbert O. Reid, Sr., Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before SCHWELB and FARRELL, Associate Judges, and KERN, Senior Judge.

SCHWELB, Associate Judge:

Appellant Carl McNeil appeals from a wage withholding order issued to enforce his court-ordered child support obligation. He claims that the statutory procedures for notice of intent to withhold wages required by D.C.Code § 30–509(b) (1988) were not followed and that he was denied credit for direct payments to the children's mother. The trial court held that the applicable statutory requirements for notification of wage withholding, D.C.Code § 30–509(a), were satisfied, that the proceeding for wage withholding was properly instituted, and that appellant was entitled to credit only for those direct payments for which he could provide documentation. We affirm.

I

The principal facts are not in dispute. On November 13, 1981 Judge Richard S. Salzman entered an order requiring appellant to pay $217.00 per month for his two children to the Clerk of the Family Division of the Superior Court. Appellant made a total of $3,204.00 in support payments to the Family Division as required. He eventually ceased making payments to the Family Division.

In October 1987, pursuant to a petition for wage withholding, the Clerk of the Family Division forwarded to appellant a notification of intent to withhold wages. Appellant moved to quash the notice on the grounds that the wage withholding had not been requested by the mother or by any other party with authority to make such a request pursuant to § 30–509(b). Appellant also requested credit for child support payments which he claimed to have made directly to the mother. He related that the mother had complained that payments into the court registry did not reach her in time and that she would prefer direct payments. At the hearing on appellant's motions before Commissioner Kaye Christian, however, appellant was able to produce money order receipts to substantiate only $2,475.00 in support payments made directly to the mother. He testified that other receipts had been lost.

Following the hearing, Commissioner Christian issued an order approving the request for wage withholding to enforce the support order. Crediting Mr. McNeil with $2,475.00 in direct payments to the mother because he had produced verification, the Commissioner found that appel-

lant was $10,771.00 in arrears. She entered an order directing that the sum of $217.00 per month be withheld from appellant's wages pursuant to the original support order, and that an additional $50.00 per month be withheld to recover the arrearages. Upon review, Judge Robert M. Scott upheld the Commissioner's order.

## II

The child support enforcement statute, D.C.Code § 30–501 *et seq.* (1988), prescribes the procedures which are to be followed to enforce child support orders. Section 30–509 requires that a notification of intent to withhold wages be sent to the obligor prior to the initiation of wage withholding. Section 30–509(b) provides that if the support order was entered pursuant to the Uniform Support Act, D.C.Code § 30–301 *et seq.* (1988), or is a support order from another jurisdiction, the notice of intent to withhold wages must be initiated by a "caretaker, custodian, responsible relative, or agency" and the required documentation procedures for registering an out-of-state order listed in D.C.Code § 30–522 must be satisfied. Section 30–509(a) provides that, for all other support orders, a request to withhold wages may be made by "any caretaker, custodian, responsible relative, or the Mayor," D.C.Code § 30–509(a), and requires less comprehensive documentation.

■ In the present case, appellant does not assert that the court's order of child support may not be enforced by wage withholding. He simply maintains that the support order falls within the purview of § 30–509(b), and that the proceeding therefore had to be initiated by the mother or by some other person entitled to institute it pursuant to § 30–509(b), rather than by a clerk in the Family Division. Appellant also claims that he was entitled to receive a sworn statement from the mother as to the arrearages, as required by § 30–522 in cases involving enforcement of support orders of courts of other jurisdictions.

As Commissioner Christian and the trial court correctly found, however, the support order in the present case falls within the purview of § 30–509(a) rather than § 30–509(b). Contrary to appellant's contention, this is not a proceeding to enforce an out-of-state decree. There had been a prior Alabama support order, but it was not registered with the Superior Court for enforcement. Rather, we are dealing with a proceeding to enforce Judge Salzman's 1981 order. Accordingly, a sworn statement of the arrearages from the mother was not required for the notification of intent to withhold wages to be effective.

■ The record also belies appellant's contention that a Family Division clerk initiated the wage withholding proceedings *sua sponte.* In the present case, the Commissioner found that the request for wage withholding was initiated at the written request of the Department of Human Services,[1] and counsel's speculation to the contrary does not rebut that finding.[2] Moreover, even if we were to find procedural irregularities in the notice, appellant had an ample hearing at which he was represented by counsel, and was able to assert the only defenses available in such a proceeding. *See* § 30–510(c) and (e). We discern no prejudice.

## III

■ Appellant also argues that the trial court erred in failing to credit him for payments which he allegedly made directly to Ms. Reynolds for which he had no documentation. We disagree. The Commissioner was not obliged to accept appellant's claim that he had made payments that were not recorded in the manner prescribed by the court's order. *See generally Foley v. Foley*, 336 A.2d 549, 552 & n. 4 (D.C. 1975) (recognizing broad discretion of trial court). Nevertheless, in the interests of

---

1. The Mayor has delegated his authority under § 30–509(a) to the Department of Human Services. *See* 34 D.C.Reg. 8269 (1987).

2. Appellant also contends that the mother was not present at the proceedings below. She was, however, represented by an Assistant Corporation Counsel, *see* § 30–503(a); *cf.* § 30–308, and was thus present through counsel.

justice, the Commissioner did credit appellant with those non-complying payments which he could readily prove. *See White v. White*, 34 Md.App. 635, 638–39, 368 A.2d 1061, 1063 (1977). Appellant testified that he had read and understood the 1981 court order requiring him to send support payments to the Clerk of the Family Division. When asked on cross-examination whether he knew that the purpose of payment through the Family Division was "so that if something were to happen later on, no one can come back and try to charge you for something you've already paid," appellant responded in the affirmative. The Commissioner could readily find, and apparently did, that under these circumstances, appellant had not proved that he had made the undocumented payments.

*Affirmed.*